WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Flavius Abiola Babalola Akerele, III,<br><br>Defendant. | No. CR-21-00339-001-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendant's motion for early termination of supervised release. (Doc. 107.) For the reasons that follow, the motion is denied.

**BACKGROUND**

On April 18, 2023, Defendant was sentenced to a 12-month-and-1-day term of imprisonment after pleading guilty to the crime of False Statement During Purchase of a Firearm. (Doc. 104.) As noted in the presentence report, Defendant "falsely stated he resided at an address in Arizona, when in fact he did not, on Form 4473's from April 2020 to December 2020. During this time, he purchased 57 firearms unlawfully. [Defendant] is a validated member of The Chosen Few Motorcycle Club, an outlaw motorcycle gang. During the investigation, the defendant was tied to members of the Chosen Few MC, some of whom were convicted of federal firearms offenses. His involvement with the gang is a concern as it may increase danger to the community given fellow members have a history of criminal activity related to firearms." (Doc. 99 at 18.)

On January 29, 2024, Defendant's three-year term of supervised release began.

1 (Doc. 114 at 2.)

2 On February 7, 2025, Defendant filed the pending motion for early termination. (Doc. 107.)  Among other things, Defendant argues that early termination is warranted because he has "completely adhered to all terms and conditions of [his] probation," because he has "secured stable and meaningful employment," and because he wishes to travel internationally for personal and professional reasons.  (*Id.*)

On March 12, 2025, the government filed a response in opposition.  (Doc. at 4.) Among other things, the government asserts that "Defendant's SRO [supervised release officer] reported that Defendant has been resistant to supervision standards and reporting requirements outlined at the time of sentencing as everything is a challenge with him during his one year on supervised release.  For example, Defendant routinely will not answer his front door for an extended time after his SRO knocks on the door, even though Defendant knows it is her and has surveillance cameras at his house.  The fact that Defendant leaves the SRO standing at the front door presents a security concern for the SRO.  Additionally, Defendant requires all correspondence with the SRO to be documented in writing and Defendant often includes blind copying of individuals without the knowledge of the SRO. When the SRO requested verification information of Defendant for employment, he questioned the SRO's need for such information and outlined his legal stance of why probation was not authorized to such information."  (*Id.* at 3.)  The government also emphasizes that "six of the firearms that Defendant purchased were recovered by law enforcement in CA, including one of the firearms that was used in the death of a person," and that "Defendant remains a member of The Chosen Few MC."  (*Id.* at 6.)  Finally, the government asserts that "[o]n March 5, 2025, the SRO noticed that Defendant's house had a bullet hole in one of the windows.  Then, Defendant committed a new crime while on Supervised Release when the SRO found a 9mm magazine and thirteen (13) rounds of hollow point ammunition in Defendant's nightstand."  (*Id.* at 7.)

Defendant did not file a reply and the time to do so has expired.

…

**DISCUSSION**

Defendant's request for early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which provides that a court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See generally United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e). The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.") (citations omitted).

Having considered those factors, Defendant's request for early termination is denied. Defendant's underlying crimes were quite serious and created a risk of danger to the public; Defendant's continued association with The Chosen Few MC amplifies the need for continued supervision; and Defendant's contention that he has "completely adhered" to all of his conditions of supervision is difficult to reconcile with the facts proffered in the government's response brief, which include that Defendant was recently found in possession of ammunition.

…

…

…

…

…

…

Accordingly, **IT IS ORDERED** that Defendant's motion for early termination of supervised release (Doc. 107) is **denied**.

Dated this 25th day of March, 2025.

Dominic W. Lanza
United States District Judge